UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICK T. DUNN,                :
    Plaintiff,                  :
V.                              :   CASE NO. 3:10-CV-1037(RNC)
CAROLYN SIGNORELLI,             :
    Defendant.                  :

RULING AND ORDER

Plaintiff Patrick Dunn, an attorney licensed to practice in Connecticut, brings this action under 42 U.S.C. § 1983 seeking money damages against defendant Carolyn Signorelli, Chief Child Protection Attorney of the State of Connecticut. The complaint alleges that the plaintiff had a one-year contract with the State to provide services to indigent persons in family court, which the defendant terminated without giving him 30 days' notice as required by the contract. His principal claim is that the defendant has deprived him of property without due process in violation of the Fourteenth Amendment. The defendant has moved to dismiss the complaint for failure to state a claim on which relief can be granted. With regard to the deprivation of property claim, she argues that the plaintiff was given 30 days' written notice. In support of the motion to dismiss, she submits a copy of a termination letter dated January 5, 2010. Plaintiff responds that the letter cannot be considered on a motion to

dismiss because it is not mentioned in the complaint. The defendant replies that the letter is integral to the complaint. Alternatively, she contends that to the extent the plaintiff claims his employment was terminated by some vehicle other than the letter, he must allege what that vehicle was in order to give adequate notice of the basis for his claim under <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 573 (2007). For reasons that follow, the motion to dismiss is granted in part and denied in part.

I. <u>Facts</u>

The complaint alleges the following facts. The Commission on Child Protection is authorized to appoint and pay attorneys for indigent persons in certain state judicial proceedings. Plaintiff applied for a contract to do this work. After training, he was awarded a one-year contract to represent indigent defendants in civil contempt proceedings and paternity actions for the period July 1, 2009 to June 30, 2010. Under the contract, he could be terminated for any reason if given 30 days' prior written notice or immediately for cause.

Sometime prior to May 1, 2010, the defendant summarily terminated the plaintiff's contract, and ordered him to cease representation of his clients, without giving him notice or an opportunity to be heard. She took that action as a result of communications she had with two Family Support Magistrates. Plaintiff was not privy to those communications. The Family

2

Court has required the plaintiff to continue representing indigent clients, notwithstanding the termination of his contract with the State, and the defendant has refused to compensate him for his work.

Based on these allegations, the complaint asserts claims for deprivation of property and liberty without due process in violation of the Fourteenth Amendment. In addition, the complaint asserts state law claims for breach of the implied covenant of good faith and fair dealing, and theft of services in violation of Conn. Gen. Stat. § 52-564.

II. Discussion

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. A complaint is plausible when sufficient facts are pleaded for a court to draw a "reasonable inference" that the defendant is liable. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Accepting the allegations of the complaint as true, the deprivation of property claim survives the motion to dismiss. When a state employee cannot be terminated without cause, the employee has a protected property interest in his employment. See Taravella v. Town of Wolcott, 599 F.3d 129, 134 (2d Cir. 2010). Here, the plaintiff's contract did not permit at-will

3

termination without 30 days' notice.  According to the complaint, the plaintiff's employment was summarily terminated without notice.  The complaint implicitly alleges that no reason was given for the termination, making it an at-will termination subject to the requirement that 30 days' notice be given.

As mentioned above, the defendant argues that the Court should reject the plaintiff's allegations in light of the termination letter dated January 5, 2010, which she has submitted in support of the motion to dismiss.  In ruling on a motion to dismiss under Rule 12(b)(6), a court "is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference."  Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002).  "[A] narrow exception allow[s] a court to consider 'a document upon which [the complaint] *solely* relies and which is *integral* to the complaint."  Williams v. Time Warner, Inc., No. 10-1389-cv, 2011 WL 4470015,*1 (2d Cir. Sept. 28, 2011)(quoting Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007).

Defendant's argument that the letter is "integral" to the complaint is unavailing.  Outside materials are "integral" to a complaint when the complaint "relies heavily upon [their] terms and effect."  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).  Here, the complaint does not rely on the

4

termination letter at all.  To the contrary, the complaint explicitly alleges that the plaintiff was terminated without notice.

Defendant's alternative argument that the plaintiff is obliged to allege the vehicle by which he was terminated is also unavailing.  The allegations of the complaint, accepted as true, are sufficient to give notice of the basis of the claim.  Whether the allegations are true is a matter for another day.

Though the deprivation of property claim survives the motion to dismiss, the other claims do not.  The defendant's memorandum in support of the motion to dismiss shows that the plaintiff did not have a protected liberty interest in the continuation of the contract, there was no breach of the implied covenant of good faith given the terms of the contract, and the State's refusal to pay for the plaintiff's services does not support a claim for theft of services under § 56-564.  Plaintiff has not responded to these arguments.  In the absence of any response from the plaintiff, the claims are dismissed for substantially the reasons stated by the defendant.

III. <u>Conclusion</u>

Accordingly, the motion to dismiss [doc. 20] is hereby granted in part and denied in part.  The case will proceed with regard to the § 1983 claim for deprivation of a property interest without due process.  All other claims are dismissed for failure

to state a claim on which relief may be granted.  In accordance with the order recently entered by Judge Martinez [doc. 48], the defendant may file a motion for summary judgment in the next 30 days.  The requirement of a prefiling conference is waived.

So ordered this 30th day of September 2011.

                                        /s/ RNC
                                 Robert N. Chatigny
                         United States District Judge