```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

PATRICK T. DUNN,                 :
                                 :
         Plaintiff,              :
                                 :
V.                               :   Case No. 3:10-CV-1037(RNC)
                                 :
CAROLYN SIGNORELLI,              :
                                 :
         Defendant.              :

## RULING AND ORDER

Plaintiff Patrick Dunn, an attorney licensed to practice in Connecticut, brings this action under 42 U.S.C. § 1983 against defendant Carolyn Signorelli, Chief Child Protection Attorney ("CCPA") of the State of Connecticut, seeking damages for an alleged violation of his Fourteenth Amendment right to procedural due process.  The claim arises out of the defendant's termination of the plaintiff's one-year employment contract with the State.  The defendant has moved for summary judgment contending that, on the undisputed facts, there was no due process violation.  I agree and therefore grant the motion.

## I. Facts

The relevant facts, taken from the parties' Local Rule 56(a)(1) statements, are essentially undisputed.  The CCPA is authorized to appoint and pay attorneys to represent indigent persons in certain state judicial proceedings.  The

plaintiff applied for and was awarded a one-year contract to represent indigent defendants in civil contempt and paternity actions as an independent contractor for the period July 1, 2009, to June 30, 2010.  The contract included the following provision:

> Termination of This Agreement – Either party may terminate the Agreement to provide legal representation for any reason by providing thirty (30) days prior written notice to the other party.

In the course of the plaintiff's employment under the contract, the defendant received complaints about his performance from magistrate judges.  The plaintiff does not deny that these complaints were received but states that they were unfounded.  As a result of the complaints, the defendant mailed the plaintiff a letter on January 5, 2010, notifying him that his contract would be terminated in thirty days.  Approximately six months later, the plaintiff brought this suit.

II. Summary Judgment

Summary judgment may be granted when there is no "genuine issue as to any material fact" and, based on the undisputed facts, the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  See D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998).  A genuine issue of fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In opposing summary judgment, a party may not rely on conclusory allegations or speculation but must instead offer evidence supporting its version of events.  See D'Amico, 132 F.3d at 149.

III. Discussion

To prevail on his due process claim, the plaintiff must establish that he had a constitutionally protected property interest in his position.  See O'Connor v. Pierson, 426 F.3d 187, 196 (2d Cir. 2005).  Such property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).  In the employment context, property interests arise when "the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without cause."  Taravella v. Town of Wolcott, 599 F.3d 129, 134 (2d Cir. 2010); see also Ansell v. D'Alesio, 485 F. Supp. 2d 80, 86 (D. Conn. 2007) ("[CCPA contracts] do not constitute a valid property interest as defined under Connecticut state law . . .[as] each contract was for a one-year term only and nothing in the contracts

themselves said anything, explicitly or implicitly, about entitlement to renewal at the end of the contractual term."). Thus, at will government employees generally have no due process claim arising from the termination of their employment. Luck v. Mazzone, 52 F.3d 475, 477 (2d Cir. 1995); see also White Plains Towing Corp. v. Patterson, 991 F.2d 1049, 1062 (2d Cir. 1993) ("An interest that state law permits to be terminated at the whim of another person is not a property right that is protected by the Due Process Clause.").

In this case, the terms of the contract expressly provided that the defendant could terminate the agreement for any reason by giving thirty days' written notice. It is undisputed that the defendant complied with this notice provision. Defendant contends that she is therefore entitled to judgment on the due process claim as a matter of law. I agree.

The plaintiff argues that the requirement of good faith and fair dealing prevented the defendant from terminating the agreement based on the magistrate judges' complaints without giving him notice and an opportunity to be heard. The Court previously dismissed a count in the complaint alleging breach of the implied covenant of good faith and

fair dealing because there was no such breach given the terms of the contract.  (Doc. 49 at 5).  I see no reason to disturb that ruling.  The concept of good faith is "[e]ssentially . . . a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended.  <u>Verrastro v. Middlesex Ins. Co.</u>, 207 Conn. 179, 190 (1988).  It "cannot be applied to achieve a result contrary to the clearly expressed terms of the contract, unless, possibly, those terms are contrary to public policy."  <u>Magnan v. Anaconda Industries, Inc.</u>, 193 Conn. 558, 567 (1984).  <u>Accord</u> <u>Consol. Edison, Inc. v. Northeast Utils.</u>, 426 F.3d 524, 529 (2d Cir. 2005) ("Good faith . . . cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights.").  In view of the termination provision in the plaintiff's contract, the requirement of good faith and fair dealing cannot be applied to limit the parties' agreed upon termination rights.  <u>See</u> <u>Magnan</u>, 193 Conn. At 571.[1]

---

[1] Plaintiff invokes a provision of the Uniform Commercial Code that imposes an obligation of good faith on contracting parties, Conn. Gen. Stat. § 42a-1-304.  The UCC does not apply to contracts for services.  <u>See</u> § 42a-1-304.  Even if it did, the statutory obligation of good faith could not be relied on to override the express terms of the contract giving each side a right to terminate for any reason on thirty days' notice.

IV. <u>Conclusion</u>

Accordingly, the defendant's motion for summary judgment [doc. 56] is hereby granted.

So ordered this 30th day of September 2012.

/s/ RNC
Robert N. Chatigny
United Stated District Judge
